UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALEX A. MELENDEZ, | ) |
|     Plaintiff, | ) |
| v. | ) No. 2:17-cv-00202-JMS-MJD |
| MARK S. INCH, Director, Federal Bureau of Prisons,[1] | ) |
|     Defendant. | ) |

**Entry Granting Respondent's Motion for Summary Judgment
and Directing Entry of Final Judgment**

I. Introduction

Plaintiff Alex A. Melendez, a federal inmate incarcerated in the Federal Correctional Institution Terre Haute, Indiana, brought this Administrative Procedure Act, 5 U.S.C. § 702, action challenging a Bureau of Prisons decision denying him placement in a halfway house, home confinement, or a residential re-entry center. Defendant asserts that Mr. Melendez did not attempt to exhaust this problem through available administrative grievance procedures. He seeks summary judgment against Mr. Melendez pursuant to 42 U.S.C. § 1997e(a) – the Prison Litigation Reform Act – which requires exhaustion of administrative remedies prior to bringing any action concerning prison conditions. Mr. Melendez admits he did not exhaust his administrative remedies. He writes that he was intimidated to not attempt exhaustion, but offers no evidence in support of that assertion. For the reasons explained below, defendant is entitled to summary judgment and

---

[1] Mark S. Inch is now the Director of the Federal Bureau of Prisons. The **clerk is directed** to modify the docket to replace Thomas R. Kane with Mr. Inch as defendant pursuant to *Fed. R. Civ. P.* 25(d).

Mr. Melendez has failed to come forward with evidence to establish a genuine issue of material fact.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

III. Discussion

It is not necessary to detail the Bureau of Prison's administrative grievance process because Mr. Melendez acknowledges he did not exhaust his administrative remedies. In his response opposing summary judgment, Mr. Melendez writes that he

> has made substantial efforts to resolve the matters in this case through written request to the administration, meetings with his Case Manager and Unit team. Further he was advised by his Unit Team/Case Manager Purdue that it would be useless to go outside of the Camp Administration to seek any relief because none would be forth coming. The Camp Administrator Sweeny also said the same and implied to go outside via of any administrative remedy would cause difficulty to the Petitioner.

Response, dkt. 20, p. 1. These assertions are unsworn. No affidavit or declaration made under penalty of perjury supporting these assertions is provided. Defendant contends that Mr. Melendez's assertions should therefore *not* be considered by the Court. Reply, dkt. 21, pp. 4-5. The Court agrees. Even if the statements could be considered to establish that Mr. Melendez believed it would be futile to exhaust his administrative remedies, that belief cannot excuse the failure to exhaust. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.")

The grievance procedure was available to Mr. Melendez but he did not attempt to use it. Dkt. 16-1, ¶ 8 (Affidavit of R. Parris). Pursuant to the Prison Litigation Reform Act, Mr. Melendez was required to exhaust his administrative remedies before filing this action. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement is

mandatory and cannot be waived. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

Mr. Melendez also argues that there are genuine issues of material fact that preclude summary judgment, but his assertions concern the merits of his complaint and do not address the question of exhaustion. Finally, his suggestion that this action – brought under the Administrative Procedure Act – is not subject to administrative exhaustion is without merit. Actions brought under any federal statute that concern prison conditions, including the Administrative Procedure Act, are subject to the PLRA's exhaustion requirements. *Richmond v. Scibana*, 387 F.3d 602 (7th Cir. 2004).

## IV. Conclusion

Alex Melendez admits that he did not attempt to exhaust his available administrative remedies prior to filing this action. There are no facts in dispute concerning this issue, and therefore the PLRA requires this action to be dismissed. Defendant's motion for summary judgment, dkt. [15], is **granted** and this case is **dismissed** without prejudice. Final judgment shall now issue.

**IT IS SO ORDERED**.

Date: 1/2/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Alex A. Melendez
43740-424
Terre Haute - USP
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE
rachana.fischer@usdoj.gov